SCOTT A. EDELMAN, SBN 116927
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, California 90067
Telephone: (310) 552-8500
Facsimile: (310) 551-8741
Email: sedelman@gibsondunn.com

SCOTT M. MALZAHN, SBN 229204
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: smalzahn@gibsondunn.com

Attorneys for Plaintiffs International Lease
Finance Corporation and Castle 2003-1C LLC

ROD D. MARGO, SBN 97706
SCOTT D. CUNNINGHAM, SBN 200413
STEPHEN M. RINKA, SBN 219626
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299
Email: rmargo@condonlaw.com
Email: scunningham@condonlaw.com
Email: srinka@condonlaw.com

Attorneys for Defendants Air Comet, S.A. and
Interinvest, S.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL LEASE FINANCE CORPORATION, a California corporation, and CASTLE 2003-1C LLC, a Delaware limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>AIR COMET, S.A., a Spanish corporation; and INTERINVEST, S.A., an Argentine corporation.<br><br>Defendants. | CASE NO. CV08 - 7928 JFW (JCx)<br>(Hon. John F. Walter)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Trial Date:           January 26, 2010<br><br>Action Filed:       December 2, 2008 |

Gibson, Dunn &
Crutcher LLP

Pursuant to Fed. R. of Civ. Proc. 26(c), plaintiffs International Lease Finance Corporation and Castle 2003-1C LLC and defendants Air Comet, S.A. and Interinvest, S.A. stipulate that the following Protective Order may be entered by this Court:

**1.     Introduction and Scope.**

This Protective Order shall govern any designated record of information produced in this Action, including all designated motions and other papers submitted to the Court in this Action, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, Documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery or as part of any disclosure required by Rule 26 of the Federal Rules of Civil Procedure or local rule.

**2.     Definitions.**

   a)  "Action": refers to the above-captioned matter, <u>International Lease Finance Corp., et al. v. Air Comet, S.A., et al.</u>, Case No. CV 08-7928 JFW (JCx), now pending in the United States District Court for the Central District of California.

   b)  "Confidential Information": means any non-public, commercially valuable information of a Producing Party that meets the criteria stated in the Introduction of this Protective Order.

   c)  "Counsel" (without qualifier): includes Outside Counsel and House Counsel, as well as their support staffs, as defined herein.

   d)  "Documents": means all information, documents or things within the scope of Fed. R. Civ. P. Rule 34.

   e)  "House Counsel": means attorneys who are employees of a Party to this Action.

  f) <u>"Outside Counsel"</u>: means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

  g) <u>"Party"</u>: refers to any party to the Action, including all of its officers, directors, and employees, and its Outside Counsel retained by that party for this Action, including such counsel's support staff.

  h) <u>"Producing Party"</u>: refers to a Party or third party that designates Documents or testimony as CONFIDENTIAL pursuant to this Protective Order.

  i) <u>"Protected Material"</u>: refers to any Document or testimony that is designated as CONFIDENTIAL pursuant to this Protective Order.

  j) <u>"Receiving Party"</u>: a Party that receives Documents in the Action.

  k) <u>"Termination of this Action"</u>: refers to the earlier of: (a) when there is a settlement with prejudice in this Action with respect to all causes of action; (b) when there is a final judgment ending this Action that is no longer subject to appeal; and (c) when there is an appellate opinion ending this Action that is no longer subject to further appeal or petition for review.

### 3. Designation of Documents.

Each Producing Party shall have the right to designate as confidential and subject to this Protective Order any information, Document or portion of any Document produced by it or a third party in this litigation, which the Producing Party believes in good faith contains its trade secrets or other confidential technical, business or financial information that the party would not normally reveal to third parties, or would require third parties to maintain in confidence. This designation shall be made by stamping each page of the Document or electronically stored information containing Confidential Information with the legend "CONFIDENTIAL – Subject To Protective Order" prior to its production or, if inadvertently produced without such

legend, by promptly furnishing written notice to the Receiving Party that the information or Document shall be CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Documents in question. To the extent that the Receiving Party has already disclosed such information or Document, the Receiving Party shall promptly collect any copies of Protected Material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the Producing Party.

With respect to all materials provided for inspection by a Producing Party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making Documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a Producing Party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

### 4. Limit on Use of Designated Information.

Each Party and all persons bound by the terms of this Protective Order shall use any information or Document governed by this Protective Order only for the purpose of prosecution or defense of this Action; no Party or other person shall use any information or Document governed by this Protective Order for any purpose other than the prosecution or defense of this Action. It is, however, understood that Counsel for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL produced by the opposing Party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with Counsel for the Producing Party. The attorneys of record for the Parties shall exercise reasonable care to ensure that the information and Documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

Gibson, Dunn & Crutcher LLP

**5.     CONFIDENTIAL Material.**

Except as otherwise provided by written stipulation of the Producing Parties or by further order of the Court, Documents or information designated as CONFIDENTIAL shall only be disclosed on a need-to-know basis.  No Documents or information designated as CONFIDENTIAL shall be disclosed by the Receiving Party to any third party except by written stipulation of the Producing Parties or by order of the Court.  The Parties shall store and maintain information and Documents designated as CONFIDENTIAL in a secure manner to ensure that access is limited to the individuals authorized under this Protective Order.

**6.     Persons With Access to CONFIDENTIAL Materials.**

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Protected Material designated as CONFIDENTIAL only to:

   a)   the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel working solely in legal, secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this Action, and persons working for outsourced litigation support services for the purposes of this Action;

   b)   authors, creators, addressees, and recipients of the Protected Material, who prior to the Action, lawfully received or had access to the Protected Material, including the officers, directors, or employees (including House Counsel) of the Producing Party;

   c)   expert witnesses or outside consultants and the employees or agents of such experts or consultants who are assisting them for the purposes of this Action, retained by the Receiving Party or the Receiving Party's Outside Counsel in connection with this Action after compliance with the procedures of Paragraph 10 of this Protective Order;

d) stenographers, videographers, translators, and their staffs retained for this Action;

e) the Court and its personnel, and

f) officers, directors, employees, and House Counsel of a Party whose cooperation or assistance is reasonably necessary to enable the Party's Outside Counsel to prepare for trial in this Action.

**7. Exercise of Restraint in Designation.**

The Producing Party agrees to designate information as CONFIDENTIAL on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's or the public's access to information concerning the lawsuit. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Producing Party shall promptly notify the Receiving Party that it is withdrawing or altering the mistaken designation.

**8. Execution of Undertaking by Experts or Outside Consultants.**

Before disclosing Documents or things designated CONFIDENTIAL to outside experts or outside consultants under Paragraph 6 above, a Party shall first obtain from each expert or consultant a signed undertaking in the form of Exhibit A hereto.

For purposes of this Protective Order, "experts or outside consultants" means an expert or independent consultant or contractor who is not an employee of the Parties or of a competitor of the Parties, and is retained solely for the purpose of advising and assisting Counsel in the preparation or trial of this Action or retained to give expert testimony or retained for both purposes, and his or her secretarial assistants, to whom it is necessary to disclose CONFIDENTIAL Documents and information for the purposes of this Action.

**9. Related Documents.**

Documents and information designated as CONFIDENTIAL shall include (a) all copies, extracts and complete or partial summaries prepared from such Documents or

1  information; (b) portions of deposition transcripts and exhibits thereto which contain
2  or reflect the content of any such Documents, copies, extracts, or summaries; (c)
3  portions of briefs, memoranda or any other writing filed with the Court and exhibits
4  thereto which contain or reflect the content of any such Documents, copies, extracts, or
5  summaries; and (d) deposition testimony designated in accordance with Paragraph 10
6  below.

**10.    Designation of Deposition Transcripts.**

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL by the reporter, as the Producing Party may direct; or (b) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all Counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the Producing Party.  Accordingly, all deposition transcripts not previously designated pursuant to (a) above, shall be treated as if designated CONFIDENTIAL by the Parties for a period of fourteen (14) days after receipt of the transcript.

The Producing Party shall have the right to exclude the following persons from a deposition before the taking of testimony designated as CONFIDENTIAL and subject to this Protective Order: all persons except those provided for in Subparagraphs 6(a) - (f) above, and the deponent.

**11.    Use in Court Proceedings**

Any hearing or other proceeding that refers to or describes either CONFIDENTIAL information may, in the Court's discretion, be held *in camera*, out of the presence of all unqualified persons, and any transcript or portion thereof relating thereto shall, subject to the Court's approval, be designated as CONFIDENTIAL and sealed.  The Producing Party may request that the proceeding be conducted *in camera*.

Gibson, Dunn & Crutcher LLP

6

1   Notwithstanding the designations given to CONFIDENTIAL material, any Court
2   hearing or other Court proceeding which refers to or describes CONFIDENTIAL
3   material may, in the Court's discretion, be held in open court without affecting the
4   confidentiality of such information, and any sealed records referenced or described in
5   such hearing or proceeding shall remain sealed.

6      **12.   Disclosure to Author or Recipient.**

7   Notwithstanding any other provision of this Order, nothing herein shall prohibit
8   Counsel for a Party from disclosing a Document designated as CONFIDENTIAL to
9   any person whom the Document clearly identifies as an author, addressee, or carbon
10  copy recipient of such Document; and regardless of designation pursuant to this Order,
11  if a Document or testimony makes reference to the actual or alleged conduct or
12  statements of a person who is a potential witness, Counsel may discuss such conduct or
13  statements with such witness without revealing any portion of the Document or
14  testimony other than that which specifically refers to such conduct or statement, and
15  such discussion shall not constitute disclosure within the terms of Paragraphs 5-8
16  above.

17     **13.   Designation of Documents Under Seal.**

18  Any information or Documents designated as CONFIDENTIAL, if filed with
19  the Court, shall be lodged conditionally under seal in accordance with Central District
20  Local Rule 79-5.1.

21  Where a Receiving Party intends to attach a Document as an exhibit to a paper
22  to be filed with the Court, which Document the Receiving Party believes has
23  incorrectly been designated under this Protective Order and need not be filed under
24  seal, upon 72 hours written notice to the Producing Party by the Receiving party, the
25  Producing Party will consider the propriety of its designation, and inform the
26  Receiving Party whether or not it will insist on the filing of the Document under seal
27  upon termination of the 72-hour period.  Upon confirmation by the Producing Party
28  that the Document is CONFIDENTIAL, the Receiving Party agrees to file the

Gibson, Dunn &
Crutcher LLP

7

Document under seal pursuant to the terms of this Protective Order or follow the procedures set forth in Paragraph 16 to challenge the confidentiality designation.

### 14. Confidentiality of Party's Own Documents.

No person may disclose, in public or private, any designated information or Documents except as provided for in this Protective Order; but nothing herein shall affect the right of the Producing Party to disclose to its officers, directors, employees, consultants or experts, or to any other person, information or Documents designated by it as CONFIDENTIAL.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information or Documents in violation of this Protective Order.

### 15. Preparation of Witness and Exhibit Designation.

Any Party may mark any designated material as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original Document.

### 16. Other Protections; Challenge to Confidentiality Designation.

(a) This Protective Order shall not preclude any Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Documents or other discovery material as that Party may consider appropriate.  Nor shall any Party be precluded from (i) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for an Order permitting disclosure or use of information or Documents otherwise prohibited by this Protective Order, or (iii) applying for an Order modifying this Protective Order in any respect.  No Party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

(b) On any motion challenging the designation of any Document or other record of information as CONFIDENTIAL, the burden of justifying the designation shall lie with the Producing Party.

**17. Inadvertent Production of Privileged Materials.**

Any Producing Party that mistakenly produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, or right may obtain the return of those materials by promptly notifying the recipients of the privilege and thereafter providing a privilege log therefor. The recipients shall then gather and return all copies of the privileged materials to the producing Party, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing Party. This provision is in addition to the obligations a Party has under the Federal Rules of Civil Procedure, including obligations under Fed. R. Civ. P. 26(b)(5)(B).

**18. Non-Party Material.**

The terms of this Protective Order are also applicable to CONFIDENTIAL information submitted by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the Parties through either formal or informal discovery means shall (a) have the same right as a Party to designate any such information under this Protective Order; and (b) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

**19. Return or Destruction of Designated Information.**

Within thirty (30) days after Termination of this Action, Outside Counsel and all other persons having possession or control of information designated as CONFIDENTIAL, including any briefs, motions, pleadings, expert reports or other Documents created during the course of this litigation that contain information designated as CONFIDENTIAL, shall either (1) return to the Producing Party's

Outside Counsel, or (2) destroy all designated material and any copies thereof, except that any Documents or copies which contain or constitute attorney's work product may be retained by Outside Counsel. In the case where the latter option is used, the destroying Party shall give written notice certifying such destruction has taken place to Outside Counsel for the Producing Party within the thirty (30) day period.

### 20. Notification of Third Party Subpoena.

If a Party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as CONFIDENTIAL in this Action, such Party shall notify promptly the Party who produced the materials designated as CONFIDENTIAL.

### 21. Waiver or Termination of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each Producing Party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the Termination of this Action, but shall continue until further order of this Court, or by stipulation of the Parties.

### 22. Modification of Order; Prior Agreements.

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further order of the Court.

In the event that the Parties modify this Protective Order pursuant to this provision after the production by a third party of CONFIDENTIAL materials, the third party's CONFIDENTIAL materials will continue to be treated according to the terms of the Protective Order as at the time the third party's CONFIDENTIAL materials were produced, subject to the third party's entitlement to consent to the application of the terms of the modified Protective Order to its CONFIDENTIAL materials.

**23.   Continuing Jurisdiction.**

This Order is ongoing and shall survive Termination of this Action.  The District Court for the Central District of California shall retain jurisdiction to enforce the Protective Order even after Termination of this Action.

**SO STIPULATED:**

Dated:  June  9, 2009

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN, SBN 116927
SCOTT M. MALZAHN, SBN 229204


By:   _____/s/_____
               Scott M. Malzahn

Attorneys for Plaintiffs International Lease Finance Corporation and Castle 2003-1C LLC

Dated:  June  9, 2009

CONDON & FORSYTH LLP
ROD D. MARGO, SBN 97706
STEPHEN M. RINKA, SBN 219626


By:   _____/s/_____
               Rod D. Margo

Attorneys for Defendants Air Comet and Interinvest

**APPROVED AND SO ORDERED WITH THE FOLLOWING MODIFICATIONS:**

   **1.   The cross-reference in paragraph 6(c) at page 4, line 27, to Paragraph 10, is modified to refer to Paragraph 8.**

   **2.   The words ", subject to the Court's approval," are inserted into Paragraph 11 at page 7, line 4, prior to the words "any sealed. . . ."**

3. The words "seek to" are inserted into Paragraph 13, at page 7, line 28, prior to the words "file the. . ."

4. The following sentence is inserted at the end of the first paragraph numbered Paragraph 22 (page 10, lines 19-20): "However, any modification to the Protective Order which is not approved by the Court will not constitute and will not be enforceable as a Court order.

Dated: June 15, 2009

By: _____/s/_____
Jacqueline Chooljian
U.S. Magistrate Judge

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL LEASE FINANCE CORPORATION, a California corporation, and CASTLE 2003-1C LLC, a Delaware limited liability company; <br><br> Plaintiffs, <br><br> v. <br><br> AIR COMET, S.A., a Spanish corporation; and INTERINVEST, S.A., an Argentine corporation. <br><br> Defendants. | CASE NO. CV08 - 7928 JFW (JCx) <br> (Hon. John F. Walter) |

I have read the Protective Order applicable to the above-captioned actions. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of the enforcement of the Protective Order. I understand, in particular, that any CONFIDENTIAL information, and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose. I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, including being held in contempt of court and liability for monetary damages. A copy of my curriculum vitae is attached hereto.

**AGREED TO AND ACCEPTED:**

By:

Dated:

Gibson, Dunn & Crutcher LLP

13